IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA** as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, the Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>Plaintiff,<br><br>v.<br><br>**EAST COAST ASPHALT SUPPLY, INC.** a/k/a ECAS and **EAST COAST PAVING & SEAL COATING, INC.**,<br><br>Defendants. | CIVIL ACTION NO. 16-1527<br><br>CHIEF JUDGE JOY FLOWERS CONTI |

## MEMORANDUM OPINION

Conti, Chief United States District Judge.

Plaintiff Laborers' Combined Funds of Western Pennsylvania (the "Funds" or "plaintiff") filed a motion (ECF No. 44) to dismiss the counterclaim asserted by defendants East Coast Asphalt Supply, Inc. ("East Coast Asphalt") and East Coast Paving & Seal Coating, Inc. ("East Coast Paving" and together with East Coast Asphalt, "defendants"). Defendants filed a response and brief in opposition to the motion and it is ripe for decision.

Factual Background

Plaintiff administers and collects various fringe benefit funds on behalf of its local affiliated unions. On August 12, 2014, East Coast Asphalt entered into a collective bargaining

agreement ("CBA") with the Laborers Union and became obligated to submit monthly payments to the Funds. East Coast Paving is not a signatory to the CBA.

Plaintiff alleges that East Coast Asphalt and East Coast Paving are "alter egos" and/or a "single employer." Plaintiff alleges that the companies have overlapping owners and management, maintain their offices at the same location, use the same office equipment and staff, use the same trucks and paving equipment and are engaged in substantially similar operations. Plaintiff disputes the purported distinction that East Coast Asphalt does only trucking and hauling, while East Coast Paving does only paving and sealing work. Plaintiff alleges that East Coast Paving also does trucking and hauling work. (Amended Complaint ¶ 14). On March 13, 2017, the court denied defendants' motion to dismiss the amended complaint, ordered defendants to file an answer and permitted discovery on the "alter ego" theory.

On March 29, 2017 defendants filed an answer, affirmative defenses and counterclaim (ECF No. 42). The counterclaim does not identify a specific cause of action against the Funds. In Paragraph 38, defendants assert that the National Labor Relations Board ("NLRB") has primary jurisdiction over this matter. In Paragraph 43, defendants allege that the amended complaint filed by the Funds is an attempt "to circumvent the election process" by which East Coast Paving's laborer employees chose not to join the Laborers' Union. In Paragraph 44, defendants allege that a representative of East Coast Asphalt was "unduly influenced to sign the CBA." In Paragraph 46, defendants aver that the CBA was executed "between the Laborer's Union and East Coast Asphalt Supply *only*." (Emphasis in original). The remaining paragraphs of the counterclaim essentially recount the parties' efforts to resolve the disputes in the underlying lawsuit, including entry into a confidentiality agreement by which the Funds audited records of both companies. Defendants aver that the audit revealed no missing payments by East

Coast Asphalt and no lack of corporate separateness between East Coast Asphalt and East Coast Paving. Defendants request relief in the form of costs, attorneys fees and dismissal of the amended complaint and demand a jury trial.

Standard of Review

For the purposes of a Rule 12(b)(6) motion to dismiss, claims and counterclaims are treated equivalently and therefore the standards of review are the same. *Hunting v. Range Resources—Appalachia, LLC*, No. 4:16-CV-00864, 2016 WL 7034686, at *3 (M.D. Pa. Dec. 2, 2016). A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). While a complaint (or counterclaim) does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted). The Court of Appeals for the Third Circuit has instructed that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Const.*

*Corp.*, 809 F.3d 780, 876-87 (3d Cir. 2016). The court of appeals explained: First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Legal Analysis

Defendants' legal theory is difficult to decipher. As noted above, defendants did not articulate a plausible claim against plaintiff. It appears from the response brief that defendants seek to challenge the validity of the underlying CBA between East Coast Asphalt and the Laborers' Union as void *ab initio,* such that plaintiff would not have any rights as a third-party beneficiary. (ECF No. 51 at 4-9). Defendants also portray plaintiff's decision to commence this lawsuit and to pursue an "alter ego" theory against East Coast Paving as a back-door attempt to unionize employees who expressly declined to collectively bargain. (ECF No. 51 at 10). Defendants premise their claim to counsel fees on the court's inherent equitable power or Restatement (Second) of Torts § 914 on the theory that the "tort of fraud" by third-party Laborers Union required defendants to litigate to protect their interests. (ECF No. 51 at 11).

Plaintiff argues that the counterclaim fails to state a valid claim upon which relief can be granted. Plaintiff interprets the counterclaim as alleging an unfair labor practice under the

4

National Labor Relations Act and emphasizes that it, as a multi-employer benefit plan, is a distinct and separate entity from the Laborers' Union and is not a party to the CBA.

Defendants' contention that this court lacks subject-matter jurisdiction because the NLRB has exclusive jurisdiction over the underlying CBA is a <u>defense</u>, not an affirmative counterclaim. It is not a legal theory by which the Funds could be found liable to defendants. *See* Fed. R. Civ. P. 12(b); *Hatco Corp. v. W.R. Grace & Co. Conn.*, 59 F.3d 400, 411 n. 8 (3d Cir. 1995). Pursuant to Federal Rule of Civil Procedure 8(c)(2), a defense improperly pleaded as a counterclaim may be treated by the court "as though it were correctly designated." In any event, this court's subject-matter jurisdiction to decide the ERISA and alter ego claims brought by the Funds in this case is well established. *See, e.g., Trustees of the New Jersey B.A.C. Health Fund v. Bryant Caulking & Waterproofing, Inc.*, No. CV 15-8359, 2017 WL 784944, at *5 (D.N.J. Mar. 1, 2017); *Hudson Cty. Carpenters Local Union No. 6 v. V.S.R. Const. Corp.*, No. C.A. 99–6032, 127 F. Supp. 2d 565, 570 (D.N.J. 2000).

The contention that plaintiff, an employee benefit fund, improperly filed a lawsuit in retaliation for the Laborers' Union losing an election is flawed in several respects. First, it is not a cognizable legal theory against the Funds. In *Molnar v. Wibbelt*, 789 F.2d 244, 250 (3d Cir. 1986), the court explained that because a benefit fund was not a "labor organization" as defined in 29 U.S.C. § 158(b)(1), a claim based on an alleged unfair labor practice by the benefit fund "fails to state a claim." Defendants' legal theory is more akin to an accusation of improper litigation conduct under Federal Rule of Civil Procedure 11, although defendants failed to comply with the procedural prerequisites for a Rule 11 motion. *See* Fed. R. Civ. P. 11(c)(2) (requiring a separate motion made after notice and a 21-day safe harbor period). Most importantly, the court already ruled that plaintiff's alter ego theory is plausible and not subject to

dismissal at this stage of the proceedings. Defendants cannot state a valid claim against the Funds for its lawful pursuit of its right to petition the court for redress of its grievances. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 537 (2002) (holding that the NLRB cannot declare an employer's objectively reasonable, albeit unsuccessful, lawsuit to be an unfair labor practice even if the employer had a retaliatory motive and suggesting that Rule 11 is the better enforcement mechanism).

To the extent that defendants are pursuing a fraud claim, such claims are subject to the heightened pleading standard in Federal Rule of Civil Procedure 9(b). Defendants did not plead facts and circumstances allegedly constituting fraud by the Funds with any detail at all, and fall far short of the requisite specificity. A breach of contract claim against the Funds is foreclosed by the allegations of the counterclaim itself. In Paragraph 46, defendants aver that the CBA was executed "between the Laborer's Union and East Coast Asphalt Supply *only*." (Emphasis in original). The Funds are not a party to the CBA and cannot be held liable under it. *See Huge v. Overly*, 445 F. Supp. 946, 948 (W.D. Pa. 1978) ("defenses which may be available against the union are not available against the fund").

In summary, defendants' "counterclaim" does not state a claim upon which relief can be granted against the Funds. The motion to dismiss will be GRANTED and the counterclaim will be dismissed without prejudice to defendants' opportunity to amend it. The court will treat any defenses set forth in the counterclaim as if they were correctly designated.

An appropriate order follows.

Dated: June 2, 2017

/s/ Joy Flowers Conti
CHIEF UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA** *as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, the Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,* <br><br> Plaintiff, <br><br> v. <br><br> **EAST COAST ASPHALT SUPPLY, INC.** a/k/a ECAS and **EAST COAST PAVING & SEAL COATING, INC.**, <br><br> Defendant. | CIVIL ACTION NO. 16-1527 <br><br> CHIEF JUDGE JOY FLOWERS CONTI |

## ORDER

AND NOW, this 2nd day of June 2017, for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that plaintiff's motion to dismiss the counterclaim (ECF No. 44) is GRANTED. The counterclaim (ECF No. 42) is dismissed without prejudice. The court will treat defenses set forth in the counterclaim as if they were correctly designated.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge